UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

EDWARD A. FRIEDMAN,

      Plaintiff,

vs.

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

      Defendant.

Civil Action No.:07-CIV-9620

**ANSWER**

    Defendant, Prudential Insurance Company of America, by and through its attorneys, hereby answers the Complaint in the above referenced matter as follows:

    1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

    2.    Defendant admits that it is a New Jersey Corporation with its principal place of business in New Jersey. Defendant further admits that it is authorized to do business in New York.

    3.    The allegations of paragraph 3 constitute conclusions of law to which no responsive pleading is required.

    4.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff participated in a welfare Plan governed by the Employee Retirement Income Security Act ("ERISA"). The Plan and the Policy are written documents whose terms speak for themselves. Defendants deny the allegations of paragraph 5 to the extent those allegations do not accurately reflect the terms of the Plan or the Policy and do not contain the Plan or Policy in their entirety. Defendants deny the remaining allegations contained in paragraph 5.

6. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Defendant denies that Plaintiff became totally disabled in August 2006. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9.

10. Denied.

11. Defendant admits that some physicians have identified Dysautonomia as an Autonomic Nervous System disorder involving various physical symptoms and conditions. After reasonable investigation, defendant is without knowledge or

information sufficient to form a belief as to the truth of Plaintiff's medical diagnosis. Defendant denies all remaining allegations contained in paragraph 11.

    12.    Defendant admits that some physicians have identified the diagnoses of Neurocardiogenic Syncope, Inappropriate Sinus Tachycardia and Irritable Bowel Syndrome as being related to Dysautonomia in some cases. Defendant denies all remaining allegations contained in paragraph 12.

    13.    Defendant admits that some physicians have identified various symptoms as being related to a diagnosis of Dysautonomia in some cases. Defendant denies all remaining allegations contained in paragraph 13.

    14.    Defendant admits that some physicians believe there is presently no cure available for the umbrella condition of Dysautonomia. Defendant further admits that the symptoms and related conditions of Dysautonomia can be treated individually. Defendant denies that Dysautonomia is a severe condition in all cases. Defendant denies all remaining allegations contained in paragraph 14.

    15.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

    16.    Defendant admits that some physicians have identified Toprol, like most other pharmaceuticals, as causing side effects in some cases. Defendant denies all remaining allegations contained in paragraph 16.

    17.    Denied.

    18.    Defendant admits that Plaintiff submitted a claim for long term disability benefits which was denied. The remaining allegations of paragraph 18 purport to

characterize the terms of written documents whose terms speak for themselves. Defendant denies the remaining allegations of paragraph 18 to the extent they are inconsistent with the terms of the written documents or do not describe all of the details of the documents in their entirety. Defendants deny all other allegations contained in paragraph 18.

19. Defendant admits that the Plaintiff appealed the denial of benefits on or about May 31, 2007. Defendant denies all other allegations contained in paragraph 19.

20. Defendant admits that it upheld its earlier determination on or about August 28, 2007.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. Defendant denies each and every other allegation not specifically admitted herein.

## **DEFENSES**

1. Any and all state law claims are preempted by ERISA because Plaintiff seeks benefits under the terms of an ERISA governed welfare plan.

2. Defendant has discretion to interpret the Plan and to make any and all factual determinations under the Plan. Defendant's determinations under the Plan are entitled to deference.

3. There is no right to a jury trial, or compensatory or punitive damages, under ERISA.

4. Any benefits due under the Plan are subject to offset in accordance with the terms of the Plan.

5. Defendant is entitled to its attorney's fees under 29 U.S.C. § 1132(g).

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor, that the Complaint be dismissed with prejudice, and that Defendant be awarded its costs and fees.

                                      Respectfully submitted,
                                      MORGAN, LEWIS & BOCKIUS LLP
                                      Attorneys for Defendant

Dated: January 18, 2008          By:_____/s/_____
                                      MORGAN, LEWIS & BOCKIUS LLP
                                      Brian A. Herman (BH0731)
                                      Mark D. Knoll (MK5343)
                                      101 Park Avenue
                                      New York, NY  10178-0060
                                      (212) 309-6000
                                      (212) 309-6273 (fax)

                                      Attorneys for Defendant

Of Counsel:

Jeremy P. Blumenfeld
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5258
(215) 963-5001 (fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 18, 2008, a true and correct copy of the foregoing Answer was served via first class mail on the following:

>Michael E. Quiat
>Uscher, Quiat, Uscher & Russo
>433 Hackensack Ave., 2nd Floor
>Hackensack, NJ 07601

                                                  _/s/_____
                                                  Mark D. Knoll