**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

EDWARD A. FRIEDMAN,

        Plaintiff,

        vs.

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

        Defendant.

Civil Action No.:07-CIV-9620(SHS)

**REPLY TO PLAINTIFF'S**
**STATEMENT PURSUANT TO**
**LOCAL RULE 56.1**

      Pursuant to the Local Civil Rules of the United States District Courts for the

Eastern and Southern Districts of New York, Rule 56.1, Defendant, Prudential Insurance

Company of America ("Prudential"), submits the following response to Plaintiff's,

Edward A. Friedman, Statement of Undisputed Facts.

                          MORGAN, LEWIS & BOCKIUS LLP
                          Attorneys for Defendant

Dated:  May 9, 2008

                          By: /s/ Seth Ptasiewicz
                              MORGAN, LEWIS & BOCKIUS LLP
                              Seth Ptasiewicz
                              1701 Market Street
                              Philadelphia, PA 19103
                              (215) 963-5258
                              (215) 963-5001 (fax)

## REPLY TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

### As to Plaintiff's Uncontested Personal Facts

1. Upon information and belief, undisputed.

2. Upon information and belief, undisputed.

3. Upon information and belief, undisputed that Plaintiff was employed as an Executive Vice President and Principal for Newmark, Knight Frank, formerly known as Newmark & Company Real Estate, Inc. Disputed as to whether Plaintiff was "disabled" as that term is defined by the Long Term Disability Plan at issue in this matter. (P01086).

4. Upon information and belief, undisputed that Plaintiff's salary was $275,000.00 per year. Prudential denies knowledge or information sufficient to form a belief as to whether Plaintiff also received incentive compensation which paid him $500,000.00 and stood to realize millions of dollars in ownership interest as his company expanded. Furthermore, these statements are not factual but rather hypothetical. Finally, these statements are not material because this purported additional compensation would not have impacted Plaintiff's potential gross monthly Long Term Disability Benefit under the Plan. (P01073).

5. It is undisputed that Prudential issued Long Term Disability Plan DG-90754-NY to Newmark & Company Real Estate, Inc. (P01073). The term "beneficiary" is a legal term not a fact. However, it is undisputed that under the Long Term Disability Plan, all employees and officers of Newmark & Company Real Estate are covered. (P01073).

6. Undisputed that this language is contained in the Long Term Disability Plan's Certificate of Coverage but is only a partial definition of how Prudential defines disability. (P01086).

1-PH/2906986.1

7. Undisputed that if Plaintiff is determined to be disabled that he would be entitled to receive Long Term Disability Benefits of 60% of his prior earnings, up to a maximum of $12,000.00 per month, less any appropriate offset. (P01073, P01089-P01090). Disputed that Plaintiff satisfied the definition of disabled as that term is defined under the Long Term Disability Plan. (P01184-P01187, P01173-P01176, P01147-P01152).

8. Disputed that Plaintiff satisfied the definition of disabled as that term is defined under the Long Term Disability Plan. (P01184-P01187, P01173-P01176, P01147-P01152). Furthermore, should this Court determine that Plaintiff meets the definition of disabled under the Long Term Disability Plan, Prudential would be entitled to a dollar for dollar offset as a result of Plaintiff's receipt of certain enumerated deductible sources of income including, without limitation, receipt of Social Security Disability Benefits. (P01089-P01090).

9. Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact. Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086). Finally, should this Court determine that Plaintiff meets the definition of disabled under the Long Term Disability Plan, Prudential would be entitled to a dollar for dollar offset as a result of Plaintiff's receipt of certain enumerated deductible sources of income including, without limitation, receipt of Social Security Disability Benefits. (P01089-P01090).

### As to Plaintiff's Undisputed Employment Facts

10. Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact. Furthermore, this purported undisputed fact is not material to the

1-PH/2906986.1

claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

11.  It is undisputed, upon information and belief, that Plaintiff was employed as an Executive Vice President for Newmark, Knight Frank, formerly known as Newmark & Company Real Estate, Inc.  Except as so stated, Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

12.  Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

13.  Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability

1-PH/2906986.1

Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

14.   Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

15.   Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

16.   Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

17.   Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the

1-PH/2906986.1

claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

18.    Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

19.    Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

20.    Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

1-PH/2906986.1

21.  Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

22.  Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

23.  Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

24.  Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability

Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

25.   Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

26.   Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

27.   Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

28.   Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the

1-PH/2906986.1

claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

29.   Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

30.   Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

31.   Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

1-PH/2906986.1

32.  Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086). 12.  Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

33.  Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

34.  Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term

Disability Plan. (P01086).

35.    Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

36.    Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

37.    Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

38.    Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial

duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

39.    Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

40.    Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

41.    Prudential denies knowledge or information sufficient to form a response to this purported undisputed fact.  Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

42.    Prudential denies knowledge or information sufficient to form a response to this

1-PH/2906986.1

purported undisputed fact. Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff can perform the material and substantial duties or his regular occupation, as those terms are defined under the Long Term Disability Plan and, therefore, whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

### As to Plaintiff's Undisputed Medical Facts

43. Disputed. Plaintiff's medical records for that time period do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶ 2 and 5. Furthermore, the document referenced by Plaintiff is not a medical record.

44. Disputed. Plaintiff's medical records for that time period do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶ 2 and 5. Furthermore, the document referenced by Plaintiff is not a medical record.

45. Disputed. Plaintiff's medical records for that time period do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶2 and 5. Furthermore, the document referenced by Plaintiff is not a medical record.

46. Disputed. Plaintiff's medical records for that time period do not indicate that he underwent a stress test. *See* Prudential's Statement of Undisputed Facts. ¶¶2 and 5. Furthermore, the document referenced by Plaintiff is not a medical record.

47. Disputed. Plaintiff's medical records for that time period do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶5. Furthermore, the document referenced by Plaintiff is not a medical record.

48. Undisputed, upon information and belief, that Plaintiff commenced treatment with

1-PH/2906986.1

Dr. Gerald Bahr in or about 2000 for ulcerative colitis. *See* Prudential's Statement of Undisputed Facts. ¶1. Furthermore, Plaintiff's medical records indicate that his ulcerative colitis was "well controlled". (P01753). Furthermore, the document referenced by Plaintiff is not a medical record.

49. Undisputed, upon information and belief, that Plaintiff commenced treatment with Dr. Gerald Bahr in or about 2000 for ulcerative colitis and was proscribed Asacol. *See* Prudential's Statement of Undisputed Facts. ¶1. Furthermore, Plaintiff's medical records indicate that his ulcerative colitis was "well controlled". (P01753). Furthermore, the document referenced by Plaintiff is not a medical record.

50. Disputed, Plaintiff's medical records do not support this statement or that Plaintiff suffered any of these purported symptoms. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the document referenced by Plaintiff is not a medical record.

51. Undisputed, upon information and belief, that Plaintiff has been ingesting Toprol-XL to control his heart rate since 2001. Disputed as to the remaining statements as Plaintiff's medical records do not support same.   *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the document referenced by Plaintiff is not a medical record.

52. Undisputed, upon information and belief.

53.   Undisputed upon information and belief, that Toprol-XL is a beta blocker medication. The remaining statements are disputed, as Plaintiff's medical records do not support this statement or that Plaintiff suffered any side effects from his ingested of the

Toprol-XL. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the document referenced by Plaintiff is not a medical record.

54. Disputed, Plaintiff's medical records do not support this statement or that Plaintiff suffered any of these side effects. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the document referenced by Plaintiff is not a medical record.

55. Disputed, Plaintiff's medical records do not support this statement or that Plaintiff suffered any purported "disabling symptoms". *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the document referenced by Plaintiff is not a medical record.

56. Undisputed, upon information and belief, that Toprol-XL is a beta blocker medication used to control Plaintiff's heart rate. Disputed, Plaintiff's medical records do not support this statement or that Plaintiff suffered any of these purported symptoms. *See* Prudential's Statement of Undisputed Facts. ¶4. Furthermore, the document referenced by Plaintiff is not a medical record.

57. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the document referenced by Plaintiff is not a medical record.

58. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the document referenced by Plaintiff is not a medical record.

59. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's

1-PH/2906986.1

Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the document referenced by Plaintiff is not a medical record.

60. Undisputed, upon information and belief, that Dr. Mark Gardenswartz diagnosed Plaintiff in 2007 with Dysautonomia, a disorder of the Autonomic Nervous System. (P01270-P01274). The remaining statements by Plaintiff constitute medical conclusions not statements of undisputed facts and are therefore disputed.

61. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the document referenced by Plaintiff is not a medical record.

62. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

63. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

64. The statements by Plaintiff constitute medical conclusions not statements of undisputed facts and are therefore disputed.

65. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

66. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the

- 16 -

documents referenced by Plaintiff are not medical records.

67. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

68. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

69. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

70. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

71. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

72. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records. Additionally, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

73. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's

Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records. Additionally, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

74. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

75. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records. Additionally, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

76. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

### As to Plaintiff's Uncontested Facts Review and Denial of Plaintiff's Claim for Long Term Disability Benefits

77. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

78. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

1-PH/2906986.1

79. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

80. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

81. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, the documents referenced by Plaintiff are not medical records.

82. Undisputed that in evaluating Plaintiff's claim, Prudential did not conduct an Independent Medical Examination of Plaintiff. Disputed as to whether this is a material fact as Prudential is not legally obligated to conduct an Independent Medical Examination to determine whether Plaintiff is disabled as that term is defined under the Long Term Disability Plan.

83. Undisputed that in evaluating Plaintiff's claim, Prudential did not conduct an Independent Medical Examination of Plaintiff. Disputed as to whether this is a material fact as Prudential is not legally obligated to conduct an Independent Medical Examination to determine whether Plaintiff is disabled as that term is defined under the Long Term Disability Plan.

84. Undisputed that Prudential requested that Plaintiff attend a neuropsychological examination in light of statements made on behalf of Plaintiff that he was suffering medication side effects including "mental confusion" and "short term memory loss".

(P01168, P01685-P01705).

85. Undisputed.

86. Disputed. The document referenced by Plaintiff does not support his contention that the purpose of requesting a neuropsychological examination was to determine whether Plaintiff was malingering but rather in response to Plaintiff stating that he had medication side effects.

87. Disputed. Prudential had Plaintiff's medical records reviewed by appropriate highly qualified medical personnel. *See* Prudential's Statement of Undisputed Facts. ¶¶26, 33 and 34.

88. Not a material fact as Prudential has no legal obligation to do so in assessing Plaintiff's claim for Long Term Disability Benefits. Further disputed as Prudential did, in fact communicate with Plaintiff's cardiologist, Dr. Zweibel in response to his question as to why Plaintiff was not approved for Long Term Disability Benefits. Based on that communication Prudential, on its own initiative reopened Plaintiff's claim. *See* Prudential's Statement of Undisputed Facts. ¶¶22, 23 and 24.

89. Disputed. The underlying bases for Prudential's decision to deny Long Term Disability Benefits are detailed in the denial letter and the letter upholding the denial on appeal. *See* Prudential's Statement of Undisputed Facts. ¶¶14-35.

90. Disputed. Prudential provided to its file review medical professionals all of Plaintiff's medical records. *See* Prudential's Statement of Undisputed Facts. ¶¶26, 30, 31, 33, and 34. Furthermore, the documents referenced by Plaintiff are not consistent with Plaintiff's medical records. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8,

- 20 -

9, 10, 11, 12 and 13.

91. Disputed.  Prudential provided to its file review medical professionals all of Plaintiff's medical records.  *See* Prudential's Statement of Undisputed Facts. ¶¶26, 30, 31, 33, and 34. Furthermore, the documents referenced by Plaintiff are not consistent with Plaintiff's medical records. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13.

92. Disputed.  Prudential provided to its file review medical professionals all of Plaintiff's medical records.  *See* Prudential's Statement of Undisputed Facts. ¶¶26, 30, 31, 33, and 34.  Furthermore, the documents referenced by Plaintiff are not consistent with Plaintiff's medical records. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13.

93. Disputed.  Prudential provided to its file review medical professionals all of Plaintiff's medical records.  *See* Prudential's Statement of Undisputed Facts. ¶¶26, 30, 31, 33, and 34.  Furthermore, the documents referenced by Plaintiff are not consistent with Plaintiff's medical records. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13.

94. Disputed.  Prudential provided to its file review medical professionals all of Plaintiff's medical records.  *See* Prudential's Statement of Undisputed Facts. ¶¶26, 30, 31, 33, and 34.  Furthermore, the documents referenced by Plaintiff are not consistent with Plaintiff's medical records. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13.

95. Disputed.  *See* Prudential's Statement of Undisputed Facts. ¶¶26, 30, 31, 33, and 34.

Furthermore, the documents referenced by Plaintiff are not consistent with Plaintiff's medical records. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13.

96. Disputed.  *See* Prudential's Statement of Undisputed Facts. ¶¶26, 30, 31, 33, and 34. Furthermore, the documents referenced by Plaintiff are not consistent with Plaintiff's medical records. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13.

97. Disputed.  Prudential provided to its file review medical professionals all of Plaintiff's medical records.  *See* Prudential's Statement of Undisputed Facts. ¶¶26, 30, 31, 33, and 34.  Furthermore, the documents referenced by Plaintiff are not consistent with Plaintiff's medical records. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13.

98. Disputed.   *See* Prudential's Statement of Undisputed Facts. ¶¶26, 30, 31, 33, and 34. Furthermore, the documents referenced by Plaintiff are not consistent with Plaintiff's medical records. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13.

99.  This purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

100.  Disputed, Plaintiff's medical records do not support this statement or that Plaintiff suffered any purported disabling symptoms as a result of ingesting Toprol-XL. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13.

- 22 -

Furthermore, the document referenced by Plaintiff is not a medical record.

101. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

102. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

103. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

104. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

105. This purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

106. This purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan.

- 23 -

(P01086).

107. This purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

108. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).

109. Disputed, Plaintiff's medical records do not support this statement. *See* Prudential's Statement of Undisputed Facts. ¶¶1, 2, 4, 5, 7, 8, 9, 10, 11, 12 and 13. Furthermore, this purported undisputed fact is not material to the claim underlying this action as to whether Plaintiff is disabled as that term is defined by the Long Term Disability Plan. (P01086).