USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
201-342-7100
**ATTORNEYS FOR PLAINTIFF
EDWARD A. FRIEDMAN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD A. FRIEDMAN, | Civil Action No. 07cv9620-SHS-AJP |
| Plaintiff, | |
| - against - | ECF CASE |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

On the Brief:

MICHAEL E. QUIAT

# TABLE OF CONTENTS

Page

CASES CITED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I -   NOTWITHSTANDING THE ARBITRARY AND
            CAPRICIOUS STANDARD OF REVIEW, THIS COURT
            IS HARDLY A RUBBER STAMP WITH RESPECT TO
            THE CONDUCT OF PRUDENTIAL . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# CASES CITED

Page

*Burke v. Kodak Retirement Income Plan and Kodak Retirement Income Plan Committee*
336 F. 3d 103 (2d. Cir. 2003) .................................... 7

*Glista v. Unum Life Insurance Company of America*
378 F. 3d 113 (1st Cir. 2004) .................................... 8

*Hutzenlaub v. Local 240 Pension Fund*
2000 WL 307376 (E.D.N.Y.) .................................... 4

*Jordan v. Retirement Committee Rensselaer Polytech.*
46 F. 3d 1264, 1271 (2d Cir. 1995) ................................ 4

*Karanda v. Connecticut General Life Insurance Company*
158 F. Supp. 2d 192 (D.Conn. 2000) ............................... 7

*Pagan v. NYNEX Pension Plan*
52 F. 3d 438, 442 (2d Cir. 1995) .................................... 4

*Rizk v. Long Term Disability Plan of Dun & Bradstreet Corp.*
862 F. Supp. 783 (E.D.N.Y. 1994) .................................. 4

*Short v. Central States, Southeast and Southwest Areas Pension Fund*
729 F. 2d 567, 575 (8th Cir. 1984) .................................. 8

## PRELIMINARY STATEMENT

Not surprisingly, as a review of Prudential's motion papers reflect, there is a strong tendency for it to gloss over the particular facts concerning its mishandling of this claim, in favor of a broad-brush effort to depict an aura of "reasonableness" on Prudential's part, which is not supported by the true facts of what transpired since this claim was filed. No matter how desperately Prudential may attempt to spin the facts, the reality is that Prudential committed gross substantive and procedural deficiencies in its processing of this claim, which doom its attempt to avoid payment of disability benefits to Mr. Friedman.

### *Plaintiff Contests Many of Defendant's "Undisputed Facts"*

In its Local Rule 56.1 Statement of Undisputed Material Facts, Defendant lists numerous purported factual contentions, which are anything but "undisputed."

In paragraph 11 in Defendant's alleged undisputed facts, the Defendant states that Dr. Zweibel's multiple diagnoses of Autonomic Dysfunction, Ulcerative Colitis and Sinus Tachycardia had "no objective basis," citing the Administrative Record at P1338.

In fact, as a review of AR P1338 reveals, the positive Tilt Table Test was significant for near Syncope and associated Hypotension and Inappropriate Bradycardia. Further, this record reflects the occurrence of Syncope and an abnormal electrocardiogram. Clearly, there is ample objective evidence in the record to support Dr. Zweibel's diagnoses. (AR P00591, AR P00601, AR P00614, AR P00615).

With respect to the alleged undisputed facts set forth at paragraph 12, Defendant's assertion that there are "no real-time records documenting the need for the increased Toprol dosage or the symptoms that warranted the increase" is rejected. As a review of

1

the Administrative Record reflects, but for the increased dosage of Toprol, Mr. Friedman's dangerously erratic heart rate and increasing episodes of Syncope threatened his very survival. (AR P00598, AR P00599, AR P00601, AR P00602, AR P00614 – AR P00616).

To the extent that the Defendant seeks to rely upon purported "normal test results" in 2006 and 2007, one need only realize that Mr. Friedman was then taking massive doses of Toprol simply to stay alive. (AR P00603). To suggest that while taking such massive doses of Toprol, Mr. Friedman was no longer disabled reflects circular reasoning at best, and disingenuous conclusions at worst.

Significantly, though Prudential concedes the positive Tilt Table examination results, Prudential fails to acknowledge the significance of those findings, and the extent to which those findings objectively establish the illness and symptoms which Prudential alleges are unsupported in the Record. How does Prudential explain the positive Tilt Table result? It doesn't. It just ignores it, just as it ignores Mr. Friedman's chronic syncope, dangerously irregular heart rate, severe fatigue and uncontrolled diarrhea.

Similarly, though Prudential acknowledges, as it must, that 350 mg. a day of Toprol is an extraordinarily high dosage, and since the side effects of such medication is well documented in the Record (AR P00603, AR P00615, AR P00616), Prudential conspicuously fails to address the obvious impact of Toprol on this patient, and simply ignores the significance of Toprol completely in denying the claim.

Moreover, the conclusion in paragraph 28 of the alleged undisputed facts that there are "no side effects reported" from the Toprol medication, is simply dishonest and reflects the state of the Record *before* any of the appeal information was submitted to

2

Prudential. (AR P00591, AR P00592, AR P00602, AR P00616). To assert this now reflects a cynical attempt on Prudential's part to simply ignore the evidence which does not support its position.

The conclusion that "nothing documented in Plaintiff's medical records would preclude him from being able to perform the material and substantial duties of his regular occupation" at paragraph 35 of the purported undisputed facts, is the functional equivalent of Prudential putting its head in the sand. No one could read this Administrative Record and not come away with a very clear and distinct sense that Mr. Friedman is a very sick man, whose health is deteriorating daily, and who cannot be expected under any circumstances to shoulder the heavy responsibilities of his own occupation, even at only 40 hours a week[1].

Perhaps the most compelling demonstration of Prudential's apparent desperation is in footnote 3 on page 12 of the Defendant's brief, where it is suggested that Plaintiff is still working despite his condition. This contention, which is obviously intended to prejudice Mr. Friedman in the eyes of the Court, has no valid factual basis whatsoever, is indeed contrary to the facts well established in this Record, and has never been raised by Prudential before as an issue, until its inclusion in Prudential's cross motion. As such, it is a last ditch effort to distract this Court from the compelling evidence of Prudential's gross mishandling of this claim, and must be rejected.

---

[1] Prudential seems to place undue emphasis on the forty (40) hour work week requirements in the policy, but it is not clear why this issue is even significant. The evidence shows that Mr. Friedman cannot perform the material and substantial duties of his occupation for 70 hours per week *or* 40 hours per week. It is the substantial and difficult nature of the job responsibilities themselves which Mr. Friedman can no longer perform. Excess hours just serve to exacerbate an already fully documented total disability. The 40/70 work hour issue is thus a red herring.

3

## POINT I

### NOTWITHSTANDING THE ARBITRARY AND CAPRICIOUS STANDARD OF REVIEW, THIS COURT IS HARDLY A RUBBER STAMP WITH RESPECT TO THE CONDUCT OF PRUDENTIAL

After reading Prudential's motion, one might believe that the law allows virtually no possibility for this Court to do anything but affirm the decision of Prudential, notwithstanding the compelling facts as to the gross substantive and procedural inadequacies of this claim process. Of course, that is not what the law provides.

Admittedly, to the extent that the arbitrary and capricious standard of review applies, deference is given to the claim administrator by the Court - - to the extent that the claim administrator's decision is based on "substantial evidence" and is based upon a consideration of the relevant factors. *Pagan v. NYNEX Pension Plan*, 52 F. 3d 438, 442 (2d Cir. 1995); *Jordan v. Retirement Committee Rensselaer Polytech.*, 46 F. 3d 1264, 1271 (2d Cir. 1995). This does not mean that this Court serves merely as a "rubber stamp." *Hutzenlaub v. Local 240 Pension Fund*, 2000 WL 307376 (E.D.N.Y.); *Rizk v. Long Term Disability Plan of Dun & Bradstreet Corp.*, 862 F. Supp. 783 (E.D.N.Y. 1994). Rather, this Court's responsibility in reviewing and adjudicating the issues now being litigated requires a "searching and careful" review, which is critical to the functioning of ERISA plans in general, and obviously of tremendous importance to Mr. Friedman particularly.

Moreover, as District Judge Korman explained in his scholarly opinion in *Rizk*:

> "A careful and searching inquiry is particularly appropriate here because of the apparent conflict of interest of the members of the Appeals Committee, consisting of three D & B executives who decided "conclusively" that plaintiff would be denied disability benefits. *Firestone*, 489 U.S. at

4

> 115, 109 S.Ct. at 957 (conflict of interest "must be weighed in determining whether there is an abuse of discretion"). It has long been established that "the fact that the trustee has an interest conflicting with that of the beneficiary is a circumstance which the court may properly consider in determining whether the trustee is acting from an improper motive in the exercise of a discretionary power." A.W. Scott, *Abridgment of The Law of Trusts* § 188 at 373 (1961). Accordingly, "a fiduciary operating under a conflict of interest may be entitled to review under the arbitrary and capricious standard for its discretionary decisions as provided for in the ERISA plan documents, but the degree of deference actually exercised in application of the standard will be significantly diminished." *Brown*, 898 F. 2d at 1568; *Zisel v. Prudential Ins. Co. of America*, 845 F. Supp. 949, 951 n.3 (E.D.N.Y. 1994)
>
> * * *
>
> [T]he issue presented is not whether a fiduciary may wear two hats, or even three. It is whether the determination of such a conflicted fiduciary is entitled to the most deferential standard of judicial review without any account being taken of the potential conflict of interest.
>
> * * *
>
> While fiduciaries are obligated to preserve the corpus of the trust from waste or other improper expenditures, they have a fiduciary and contractual obligation to award benefits when required by the terms of the Plan. See *Firestone*, 489 U.S. at 113, 109 S.Ct. at 955-56.

862 F. 2d 789-790.

Simply stated, Prudential's gross misconduct in this case is fundamentally inconsistent with its fiduciary obligations; as such, it is incumbent upon this Court to act to assure Prudential's compliance with ERISA's statutory mandate. 862 F. 2d 789-790.

### A. *Mr. Friedman is Disabled within the Meaning of the Policy Provision*

As Plaintiff's uncontested facts reflect, most of the critical fact issues in this case are undisputed. Indeed, the evidence of Mr. Friedman's disability, the many ways in which he is impaired, the nature of his myriad medical conditions, the life saving

5

medication he must take daily to survive, notwithstanding its pervasively debilitating impact on his life and his work, is before the Court unrebutted. (See Plaintiff's Local Rule 56.1 Statement of Uncontested Facts paragraphs 77-109; AR P00613 – AR P00682).

Instead of dealing with those issues, Defendant seeks to hide behind the "arbitrary and capricious" standard, implicitly suggesting that even if its claim process was substantively and procedurally deficient and its claim decision wrong, this Court is nevertheless bound to uphold it under the ERISA scheme.

Not only is this argument contrary to the law, but more importantly, it ignores the substantial factual evidence already in the record which has never been acknowledged or rebutted by Prudential at any time.

Given the fact that Prudential's physician consultants on review never even saw the appeal materials, it is no surprise that these materials did not dissuade them when upholding the prior denial of benefits, upon the same basis previously asserted by Nurse Chase.

Therefore, notwithstanding Prudential's physician consultant's assertion in denying the administrative appeal, that there was no evidence in the Record of restrictions and limitation which would impair Mr. Friedman from performing his occupational responsibilities, the Administrative Record shows conclusively otherwise (AR P00613 – AR P00682). Indeed, there is more than a substantial evidentiary basis in the Record as it currently exists for this Court to adjudicate Mr. Friedman disabled within the meaning of this policy and to place him on claim, retroactive to his effective date of

disability. The fact that Prudential chose not to share that information with its own physician consultants, does not mean that it is not in the Record.

### B. Prudential's Motion Improperly Seeks to Justify its Decision for Reasons never Previously Raised

Since Prudential failed to address or rebut the original appeal position set forth by Mr. Friedman, and the evidentiary support for those positions, Prudential instead seeks to prejudice Mr. Friedman in the eyes of this Court by injecting the purported issue of whether Mr. Friedman was actually working as a consultant after he left the employ of Newmark Knight Frank. (See Prudential's Cross Motion at page 12, Footnote 4).

Not only is this contention patently false, but it is injected into the motion papers improperly, after the fact, as a reason to justify affirming Prudential's misconduct in the underlying administrative appeal. Essentially, Prudential would have this Court rely on *post facto* reasoning to uphold the decision which Prudential reached. Needless to say, Prudential's gamesmanship in this regard must fail. Burke v. Kodak Retirement Income Plan and Kodak Retirement Income Plan Committee, 336 F. 3d 103 (2d. Cir. 2003). In rejecting a similar attempt by a plan to justify a denial of benefits for reasons not previously raised in the administrative appeal, the Second Circuit held that a plan and plan administrator are precluded from arguing different reasons to the Court to uphold claims determinations based on other reasoning. (The plan's reasoning "smells of the lamp. It does not appear in their denial letter, but was explicitly raised for the first time in the ensuing litigation between the parties.") 336 F. 3d at 109. See also, Karanda v. Connecticut General Life Insurance Company, 158 F. Supp. 2d 192 (D.Conn. 2000) (A *post hoc* attempt to furnish a rationale for a denial of benefit so as to avoid reversal on appeal, and thus a meaningful review, diminishes the integrity of the fund and its

administrators, and must be rejected.) *Short v. Central States, Southeast and Southwest Areas Pension Fund*, 729 F. 2d 567, 575 (8th Cir. 1984). See also, *Glista v. Unum Life Insurance Company of America*, 378 F. 3d 113 (1st Cir. 2004) (Carrier cannot raise new issues on appeal which were not argued as a basis for denying benefits during the administrative appeal below).

In the instant case, the suggestion that Mr. Friedman is working as a consultant is an issue never raised before by Prudential, which has no valid factual basis whatsoever. Indeed, if Prudential thought there was any factual basis to this claim, it most certainly would have so stated in its denial letters, or at least raised it with Mr. Friedman for clarification during the administrative appeal process. It did neither. As such, it is an issue which cannot now be used to justify Prudential's behavior below.

## CONCLUSION

Prudential's attempt to summarily deny Mr. Friedman's rights by citing to the arbitrary and capricious standard of review, is insufficient to address the compelling evidence of disability already in the Record, which Prudential and its physician consultant completely failed to address below.

Prudential's motion must be denied with prejudice.

                Respectfully submitted,

                USCHER, QUIAT, USCHER & RUSSO
                A Professional Corporation
                433 Hackensack Avenue
                Hackensack, NJ 07601
                201-342-7100

Dated: May 9, 2008      By:   /s/ Michael E. Quiat
                                   MICHAEL E. QUIAT (MEQ-8238)
                                   **Attorneys for Plaintiff,**
                                   **Edward A. Friedman**

G:\Disability\Friedman\SJ Response\Memo of Law.doc