UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- X
Edward A. Friedman,                :

        Plaintiff,         :
                                       INDEX NO. 07-CV-9620 (SHS)
  -against-                        :

Prudential Insurance Company of
America,                           :

        Defendant.         :

---------------------------------- X

## DEFENDANT'S REPLY BRIEF

Jeremy P. Blumenfeld
Seth Ptasiewicz
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
Tel.: 215.963.5258/5405
Fax: 215.963.5001

Brian A. Herman
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
37th Floor
New York, NY 10178
(212) 309-6000 x6909
Fax: (212) 309-6273

Attorneys for Defendants

1-PH/2911846.1

**TABLE OF CONTENTS**

                                                                       **Page**

I.    PRELIMINARY STATEMENT .................................................................................... 1

II.   STATEMENT OF FACTS ........................................................................................... 2

III.  LEGAL ARGUMENT .................................................................................................. 2

       A.    PRUDENTIAL'S STATEMENT OF UNDISPUTED FACTS MUST BE DEEMED ADMITTED ................................................................................... 2

       B.    PRUDENTIAL PROPERLY DETERMINED THAT PLAINTIFF IS NOT ELIGIBLE FOR LTD BENEFITS ..................................................................... 4

IV.  CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

Atkins v. Park Place Entm't Corp.,
2008 WL 820040 (E.D.N.Y. March 25, 2008) .................................................................. 7

Fitzpatrick v. Bayer Corp.,
2008 U.S. Dist. LEXIS 3532 (S.D.N.Y. Jan. 17, 2008) ..................................................... 8

Gadsden v. Jones Lang LaSalle Americas, Inc.,
210 F. Supp. 2d 430 (S.D.N.Y. 2002) ............................................................................... 3

Leipzig v. AIG Life Ins. Co.,
362 F.3d 406 (7th Cir. 2006) ............................................................................................. 8

Macri v. Aetna, U.S. Healthcare,
2005 U.S. Dist. LEXIS 43123 (S.D.N.Y. June 22, 2005) ................................................. 9

Millus v. D'Angelo,
224 F.3d 137 (2d Cir. 2000) .............................................................................................. 3

Pease v. Hartford Life Accident Ins. Co.,
449 F.3d 435 (2d Cir. 2006) .............................................................................................. 8

Quigley v. UNUM Life Ins. Co. of Am.,
340 F. Supp. 2d 215 (D. Conn. 2004) ............................................................................... 7

Travelers Casualty and Surety Co. v. Dale,
2008 U.S. Dist. LEXIS 18956 (S.D.N.Y. March 13, 2008) .............................................. 3

## RULES

Federal Rule of Civil Procedure 56 ......................................................................................... 1

Local Civil Rule 56.1 ............................................................................................................... 3

I. **PRELIMINARY STATEMENT**

This Brief is submitted in further support of Defendant's The Prudential Insurance Company of America ("Prudential") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and in response to Plaintiff's, Edward A. Friedman ("Plaintiff"), opposition to Prudential's Motion.

Contrary to the arguments made by Plaintiff in his Reply Brief that Prudential's decision to deny his claim for Long Term Disability Benefits ("LTD Benefits") under a Group Long Term Disability Policy ("LTD Policy") through his employer was "arbitrary and capricious" it is respectfully submitted that based upon all of the substantial evidence, including the medical documentation provided by Plaintiff, his legal counsel and his healthcare providers, Plaintiff failed to meet his burden of demonstrating that his present medical conditions rendered him disabled as that term is defined in the LTD Policy at issue in this case.

The fatal flaw in Plaintiff's arguments in opposing Prudential's summary judgment motion is that he attempts to claim that because in 2000 he was diagnosed with and commenced prescription drug treatment for ulcerative colitis and in 2001 was diagnosed with and commenced prescription drug treatment for an irregular heart rate, that as of August 2006 he was therefore disabled from working in his regular occupation as that term is defined by the LTD Policy. Plaintiff's position ignores the fact that his medical records and test results evidence that in: (1) July 2002 an electrophysiology ("EP") study of Plaintiff was generally normal; (2) March 2005, Plaintiff underwent a colonoscopy performed by Dr. Myron Goldberg, a gastroenterologist. The test was normal and no further treatment or follow-up was recommended; (3) January 2006, Plaintiff had an echocardiogram which appeared to indicate that there was "thickened MV with mild myxomatous change and mild mitral regurgitation," but was otherwise

normal; (4) February 2006, Plaintiff underwent a chest X-ray and CT-scan of his vital organs. Those examinations revealed that other than a thyroid nodule, his vital organs, including his heart, lungs and bowel, were normal; (5) September 2006, approximately one month after Plaintiff stopped working, Plaintiff underwent a 24-hour Holter Monitor Study which results were normal; and (6) February 2007, Plaintiff underwent an electrocardiogram which was normal.

Plaintiff's argument further ignores the fact that for a period of three years he admittedly had been working successfully in what he describes as a very stressful work environment, **after** the Tilt-Table Test and diagnosis of ulcerative colitis and an irregular heart rate.

Thus, while Prudential cannot and has not disputed that Plaintiff has certain medical conditions, the fact that he has these conditions does not, in and of itself, establish that he is "disabled" from his "regular occupation" as those terms are defined by the LTD Policy.

Prudential gave Plaintiff every opportunity to demonstrate that he was disabled and on its own initiative reopened its initial review of Plaintiff's claim after his cardiologist contacted Prudential questioning its decision to deny his claim for LTD Benefits. Plaintiff failed to meet his burden. Accordingly, Prudential's decision to deny Plaintiff's claim for LTD Benefits must be upheld and summary judgment granted in its favor.

## II.  STATEMENT OF FACTS

Prudential relies upon its Statement of Undisputed Facts previously submitted to the Court in Support of its Summary Judgment Motion.

## III.  LEGAL ARGUMENT

### A.  PRUDENTIAL'S STATEMENT OF UNDISPUTED FACTS MUST BE DEEMED ADMITTED

As Plaintiff has failed to submit a point by point response to Prudential's Statement of

Undisputed Facts, those undisputed facts may be deemed admitted by the Court.

Local Civil Rule 56.1(b) provides as follows:

> The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

Local Civil Rule 56.1(c) then provides for the penalty for a party's failure to comply with Local Civil Rule 56.1(b):

> Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

A party's failure to adhere to Local Civil Rule 56.1(b) can prove fatal as "[c]ourts in this circuit have not hesitated to deem admitted the facts in a movant's Local Civil Rule 56.1 Statement that have not been controverted by a Local Civil Rule 56.1 Statement from the non-moving party." Gadsden v. Jones Lang LaSalle Americas, Inc., 210 F. Supp. 2d 430, 438 (S.D.N.Y. 2002), see also Millus v. D'Angelo, 224 F.3d 137, 138 (2d Cir. 2000)(summary judgment appropriate in light of non-moving party's failure to comply with Local 56.1(b)), Travelers Casualty and Surety Co. v. Dale, 2008 U.S. Dist. LEXIS 18956, n. 1 (S.D.N.Y. March 13, 2008)(moving party's Statement of Undisputed Facts deemed admitted due to non-moving party's failure to comply with Local Civil Rule 56.1(b)).

Plaintiff in his Reply Brief under the heading "Plaintiff Contests Many of Defendant's 'Undisputed Facts'" references certain paragraphs of Prudential's Statement of Undisputed Facts. To the extent that the Court deems this a partially sufficient response, it is respectfully submitted that the response should only be limited to those paragraphs that Plaintiff specifically attempts to rebut, paragraphs 11, 12, 28 and 35. All other paragraphs contained in Prudential's

Statement of Undisputed Facts should be deemed admitted.

Moreover, Plaintiff is now taking an inconsistent position. In his submissions to Prudential in support of his claim and in his arguments to the Court in support of his Motion for Summary Judgment, Plaintiff contended that he could not perform the job duties associated with what he characterized as his own stressful job. That job, according to Plaintiff, required him to work long hours each week and travel extensively. Importantly, moreover, that is the job his doctors were claiming he could not perform. Now Plaintiff is arguing that he could not work even 40 hours a week, a proposition for which there is no support in the Administrative Record. It appears that Plaintiff has now realized that his previous understanding of disabled is not consistent with the specific unambiguous definition of disabled under the LTD Policy. However, neither his old argument nor this new argument are supported by the medical information provided by Plaintiff's healthcare providers, as noted in Prudential's prior submissions to this Court.

Finally, while Plaintiff argues at page 3 of his Reply Brief that there is no "valid factual basis" for Prudential's statement in its initial moving Brief that Plaintiff was working after he left his position with his employer, Plaintiff's own medical records contradict his position. In the Consultation Clinic Note dated March 23, 2007, nearly seven months after his last day of work, from Dr. Alcibiades J. Rodriguez, who Plaintiff went to in regards to his snoring and sleeping difficulties (P01217), it is noted by Dr. Rodriguez that "[t]he patient [Plaintiff] works in his own business, but does some consulting operations only." (P01218).

**B. PRUDENTIAL PROPERLY DETERMINED THAT PLAINTIFF IS NOT ELIGIBLE FOR LTD BENEFITS**

In his Reply Brief, Plaintiff attempts to argue that Prudential in rendering its decision to deny Plaintiff's claim for LTD Benefits simply ignored the "fact" or the significance of the fact

that Plaintiff had a "dangerously irregular heart rate", had a positive Tilt-Table examination in 2002, was ingesting 350 milligrams of Toprol, had side effects from the Toprol, and had chronic syncope, severe fatigue and uncontrolled diarrhea. (See Plaintiff's Reply Brief at page 2). This argument is meritless. The Administrative Record clearly evidences that Prudential reviewed and considered all of Plaintiff's various medical conditions in rendering its decision to deny his claim for LTD Benefits.

Specifically, the Administrative Record evidences that in its initial review of Plaintiff's claim and after obtaining Plaintiff's medical records from all of his identified healthcare providers, Prudential submitted those records for review to Diane Chase, RN. After reviewing those medical records, Nurse Chase noted that Plaintiff had been diagnosed with sinus tachycardia in 2002 and that all his subsequent examinations and tests revealed normal findings, with the exception of a Tilt-Table Test in 2002 that reproduced near-syncope associated with hypotension and inappropriate brachycardia. She also noted that there did not seem to be any changes between the diagnosis in 2002 and the last day that Plaintiff was at work, and that there were no documented syncope episodes, shortness of breath with exertion, lightheadedness, nausea, or abnormal vital signs/examinations leading up to his last day at work. She also pointed out that Plaintiff's cardiology workup was largely normal and that the results of the Tilt-Table Test were controlled with medication. Similarly, there were no findings of gastroenterological problems following the 2005 colonoscopy or evidence of aggressive management of GI symptoms. (P01125-P01130).

Furthermore, on November 3, 2006, Plaintiff's cardiologist, Dr. Zweibel, spoke with Nurse Chase regarding Plaintiff. In that conversation Dr. Zweibel confirmed that he **never** witnessed Plaintiff have a syncopal episode except during a Tilt-Table Test. (P01133-P01134,

P01197-P01198). Dr. Zweibel indicated to Nurse Chase that Plaintiff had unresolved symptoms of chest discomfort. However, the medical records in Prudential's possession from his healthcare providers, including Dr. Zweibel and Dr. Bahr, fail to indicate the number of syncopal events except for the one time it was observed by Dr. Zweibel during the Tilt-Table Test and a one time alleged occurrence in the airport. Of course, two episodes of "syncope" fainting in a four year period does not render someone disabled, as evidenced by the fact that Plaintiff worked during that entire time.[1] Nurse Chase opined that based on the available medical records and her conversation with Dr. Zweibel it was unclear as to how the above conditions were continuing to impair Plaintiff. (Id.).

Additionally, during the initial claims review Prudential retained the services of Dr. Dianne Zwicke to perform an independent file review. Dr. Zwicke concluded that Plaintiff's autonomic dysfunction was controlled by the Toprol. (P01327-P01333). While the dosage of 350 mg/day of Toprol was acknowledged to be high, Dr. Zwicke noticed that there was only one mention of sluggishness caused by the Toprol – in an office visit note dated October 4, 2006. There was no evidence that any substitute medication had been suggested or tried in an attempt to alleviate the claimed side effects of Toprol or that any sluggishness prevented Plaintiff from working in his regular occupation as defined by the LTD Policy. Dr. Zwicke also noted that there was no demonstrated cardiac arrhythmia in any objective tests provided, and no treatment was given for sinus tachycardia. Dr. Zwicke further referenced the normal findings on the 24-hour Holter Monitor test conducted by Dr. Zweibel on September 14, 2006. All bowel symptoms seemed to be controlled with medication, and no follow-up to the colonoscopy had been done,

---

[1] That is not to say that Plaintiff might be unable to work for a day here, or a day there, but that is no different from anyone else.

suggesting that these symptoms were stable. Dr. Zwicke concluded that the medical records did not provide sufficient documentation of functional limitations. (Id.).

Similarly, during Prudential's review of Plaintiff's appeal of its denial of his claim for LTD Benefits, it retained the services of Dr. Eldred Zobl to perform an independent file review of Plaintiff's claim. Dr. Zobl found that there was no report of abnormal findings during the 24-hour Holter Monitor test, that there had been a normal EP study, that the echocardiogram had found mild mitral regurgitation but was otherwise normal, and that there was a normal EKG. Dr. Zobl did note the abnormal Tilt-Table Test conducted in 2002, but could not draw any conclusions because the results of the test and accompanying vital signs were not described. (P01202-P01207).

Nor is there any merit to Plaintiff's argument that Prudential should have given more weight to the "opinions" of his healthcare providers, co-workers, supervisors and significant other that he is disabled from working, as noted in their Certifications provided to Prudential as part of Plaintiff's appeal. As detailed at pages 11-14 of Prudential's Brief in Reply to Plaintiff's Summary Judgment Motion, the objective medical evidence in the Administrative Record contradicts the "opinions" of Plaintiff's medical providers as contained in their written statements as well as in the statements of his friends, co-workers and significant other. Atkins v. Park Place Entm't Corp., 2008 WL 820040 at *15(E.D.N.Y. March 25, 2008), Quigley v. UNUM Life Ins. Co. of Am., 340 F. Supp. 2d 215, 223-24 (D. Conn. 2004)( It is appropriate for the fiduciary not to consider those opinions where they are not supported by the objective evidence contained within the administrative record.).

Furthermore, Plaintiff still cannot overcome the undisputed fact that he was, by his own admission and by the admissions of his colleagues and supervisors at work, successfully able to

work despite his medical conditions for approximately three years. There is no evidence that his symptoms or his conditions worsened. Therefore, Plaintiff's argument that he must be deemed disabled because he has been diagnosed with certain medical conditions misses the point.

A plaintiff challenging the denial of benefits under an ERISA Plan bears the burden of proving by a preponderance of the evidence that he is totally disabled within the meaning of the Plan. Pease v. Hartford Life Accident Ins. Co., 449 F.3d 435, 441 (2d Cir. 2006). This is consistent with a basic tenet of insurance law that the insured has the burden of proving that a benefit is covered. Id.

Here, Plaintiff confuses "illness" with total disability. No one disputes the fact that Plaintiff has certain illnesses. However, illness is not to be equated with total disability from performing your regular occupation as required by an LTD Policy. The operative question in these types of cases is not whether the plaintiff suffers from the illness he claims to suffer. Rather, the key inquiry is whether that illness rendered him totally disabled as defined by the LTD Policy and thus unable to work. Fitzpatrick v. Bayer Corp., 2008 U.S. Dist. LEXIS 3532 at *34-35 (S.D.N.Y. Jan. 17, 2008). It is not arbitrary and capricious, in and of itself, for the Plan to rely on its non-examining physicians' opinions over plaintiff's own treating physicians. Id. at *45-46. The Court does not ask whether the decision of the Plan was correct but rather whether it was arbitrary and capricious. Id. at *46. The Plan is not required to credit Plaintiff's evidence over competing evidence, notably the lack of sufficient objective evidence. Id at *46-47.

In that regard, this case is remarkably similar to Leipzig v. AIG Life Ins. Co., 362 F.3d 406 (7th Cir. 2006). In that case, Mr. Leipzig, like Plaintiff : (1) was in his late 40's and suffered from cardiac problems; (2) worked in a stressful job; (3) decided that the strain of his position was too much for his heart and applied for LTD Benefits; (4) suffered from illnesses that were

controlled by medications; (5) was denied LTD Benefits; and (6) submitted reports of his treating physicians who stated that he should not work at stressful jobs. Mr. Leipzig then proceeded to commence a lawsuit in federal court alleging that AIG's decision was arbitrary and capricious. The district court disagreed. On appeal, the Seventh Circuit affirmed. Id. at 408-409.

In so doing, Judge Easterbrook noted that many individuals with serious heart conditions, such as President Eisenhower, Vice President Cheney and Associate Justice Stevens, hold stressful jobs for years without ill effects. Id. Furthermore, AIG submitted Mr. Leipzig's medical records to two doctors, both of whom found that, like Plaintiff in this case, his medical conditions were under control and that therefore Mr. Leipzig could return to work. Judge Easterbrook noted that while healthcare providers generally accept at face value what their patients tell them about their symptoms, insurers must consider the possibility that applicants are exaggerating in an effort to obtain benefits or are sincere hypochondriacs not at serious medical risk. Id. The Court found that based on the record, AIG had a rationale basis for its decision, with room to spare. Id., see also Macri v. Aetna, U.S. Healthcare, 2005 U.S. Dist. LEXIS 43123 (S.D.N.Y. June 22, 2005)(finding substantial evidence in the record to support Aetna's finding that plaintiff with his cardiac condition could perform his "stressful" occupation).

Here too, Plaintiff has certain medical illnesses, which are controlled by his medications, and has successfully worked in what he describes as a stressful job. Yet, the fact that an individual is involved in a highly stressful job and has certain medical conditions does not provide a sufficient basis for awarding LTD Benefits or finding that the denial of same was arbitrary and capricious.

IV. **CONCLUSION**

For the foregoing reasons, it is respectfully submitted that Plaintiff's Complaint must be dismissed with prejudice in its entirety.

                                        Respectfully submitted,
                                        MORGAN, LEWIS & BOCKIUS LLP
                                        Attorneys for Defendant

Dated: May 16, 2008                    By: /s/ Seth Ptasiewicz
                                        MORGAN, LEWIS & BOCKIUS LLP
                                        Seth Ptasiewicz
                                        1701 Market Street
                                        Philadelphia, PA 19103
                                        (215) 963-5258
                                        (215) 963-5001 (fax)
                                        Attorneys for Defendant

## **CERTIFICATION OF SERVICE**

I Seth Ptasiewicz certify as follows:

I am an associate with the law firm of Morgan, Lewis & Bockius, LLP, attorneys for Defendant in the within matter. I certify that a true and correct copy of the within Brief was served via electronic filing and first class mail on behalf of the herein named Defendant upon:

> Michael E. Quiat, Esq.
> Uscher, Quiat, Uscher & Russo
> 433 Hackensack Ave., 2nd Floor
> Hackensack, NJ 07601

I further certify that the within Brief was electronically filed this day with the:

> Clerk of the United States District Court
> Southern District of New York
> United States Courthouse
> 100 Pearl Street
> New York, New York 10007

>                       /s/ Seth Ptasiewicz
>                       Seth Ptasiewicz

Dated: Philadelphia, Pennsylvania
      May 16, 2008