USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
201-342-7100
**ATTORNEYS FOR PLAINTIFF
EDWARD A. FRIEDMAN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| EDWARD A. FRIEDMAN, | Civil Action No. 07cv9620-SHS-AJP |
| Plaintiff, | |
| - against - | ECF CASE |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

---

**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY
TO DEFENDANT'S OPPOSITION,
AND IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

On the Brief:

MICHAEL E. QUIAT

# TABLE OF CONTENTS

Page

CASES CITED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATUTES CITED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I -   THERE IS NO CONTRADICTION BETWEEN THE
            UNDERLYING MEDICAL RECORDS AND THE
            SWORN STATEMENTS OF MR. FRIEDMAN'S
            TREATING PHYSICIANS. . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . 3

POINT II -  PRUDENTIAL, THROUGH ITS SILENCE, HAS
            ADMITTED THE MULTIPLE PROCEDURAL
            VIOLATIONS WHICH DEPRIVED MR. FRIEDMAN
            OF A FULL AND FAIR REVIEW OF HIS CLAIM . . . . . . . . . . . . 5

POINT III - PRUDENTIAL'S RESPONSES TO PLAINTIFF'S
            LOCAL RULE 56.1 STATEMENT OF UNCONTESTED
            FACTS SHOULD BE IGNORED . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10


## CASES CITED

Page

*Atkins v. Park Place Entertainment Corporation*
  2008 WL 820040 (E.D.N.Y. 2008) .................................. 5

*Connors v. Connecticut General Life Insurance Company*
  272 F. 3d 127, 136 (2d Cir 2001) ................................. 5

*Goldstick v. The Hartford, Inc.*
  2002 WL 1900629 (SDNY) .......................................... 8

*Greenberg v. Unum Life Insurance Company of America*
  2006 U.S. District Lexis 22423 (E.D.N.Y. 2006) .................. 5

*Humphrey v. New York Life Insurance Company*
  2006 WL 3837718 (EDNY) .......................................... 8

*Rowe Entertainment, Inc. v. William Morris Agency, Inc.*
  2005 WL 22833 (SDNY) ............................................ 8

*U.S. Information Systems, Inc. v. International*
*Brotherhood of Electrical Workers*
  2006 WL 2136249 (SDNY) .......................................... 8

## STATUTES CITED

29 CFR §2560.503-1(h)2(ii)-(iii) .................................. 4

**PRELIMINARY STATEMENT**

The Plaintiff Edward A. Friedman respectfully submits the within Memorandum of Law in reply to the opposition filed by Defendant Prudential to Plaintiff's pending Motion for Summary Judgment in connection with this matter.

*Substantive Deficiencies*

After a lengthy regurgitation of its version of the facts, Prudential then proceeds to cherry pick its way through the Administrative Record to create the appearance of reasonableness, where none actually exists.

In so doing, Prudential conspicuously fails to deal with the multitude of substantive and procedural issues raised by the Plaintiff's motion, as more fully explained herein.

Prudential further argues that it was entitled to disregard the sworn statements of Plaintiff's treating physicians Drs. Bahr, Zweibel and Gardenschwatz, as well as the other sworn statements of third party witnesses, because those assertions purportedly *contradict* the underlying medical records. This contention is false. There is no contradiction in the Administrative Record between the sworn statements of Mr. Friedman's treating physicians and the underlying medical charts. **Prudential fails to cite to a single instance where Plaintiff's treating physician's sworn statements are contradicted by their own records.**

Moreover, characterizing such sworn statements as "not medical records", Prudential apparently concluded that it need not consider them in assessing Plaintiff's disability status! Taking this fundamentally flawed analysis to its logical conclusion, Prudential disingenuously concludes there is not enough medical support to establish Plaintiff's disability! Given such circular reasoning, can there be any doubt that Prudential's goal from the outset was to deny this claim?

Clearly then, considering all of the evidence submitted by Mr. Friedman in support of his claim, as ERISA requires, there can be no other conclusion but that Plaintiff has met his burden

1

of demonstrating that he meets the definition of total disability in the subject policy and is entitled to be placed on claim, retroactive to his date of disability. The fact that Prudential, by its own admission, chose to ignore the evidence, hardly negates its existence.

### *Procedural Irregularities*

Even more noteworthy in Prudential's opposition papers is its refusal to even attempt to justify its procedural mishandling of this claim from the outset. In a clever sleight of hand, Prudential contends in footnote 6 at paragraph 18 that it "addressed in detail these concerns" in Point I of its brief. Yet a review of Point I in Prudential's opposition brief reveals that not a single procedural deficiency was recognized or rebutted by Prudential. The result is that Mr. Friedman's Point III stands unrebutted before the Court.

Clearly, Prudential is angling for a remand, to further delay, and to get another "bite at the apple" to deny Mr. Friedman benefits to which he is entitled as a matter of law. Where, as here, the Administrative Record is clear that Plaintiff has met his burden of demonstrating entitlement to benefits under the terms of the policy, and indeed the Record is essentially unrebutted in this regard, remand is not the appropriate remedy. Rather, reversal and an adjudication of disability is the proper remedy.

## POINT I

### THERE IS NO CONTRADICTION BETWEEN THE UNDERLYING MEDICAL RECORDS AND THE SWORN STATEMENTS OF MR. FRIEDMAN'S TREATING PHYSICIANS

The Administrative Record reflects that each and every doctor who physically examined Mr. Friedman in connection with this claim has concluded that he is totally disabled. Those conclusions are set forth in the APS forms submitted in support of his claim (AR P0003 – P0004, P0015– P0016) as well as the sworn statements submitted by Mr. Friedman's treating physicians - - all of which Prudential concedes it never showed to its own physician consultant Dr. Zobl.

Nowhere in its denial letters does Prudential attempt to explain how it could possibly reconcile Mr. Friedman's treating physicians' opinions with the opinion of its physician reviewer Dr. Zobl.[1] Instead, Prudential seeks to create a justification after the fact for discrediting the opinions of Mr. Friedman's treating physicians by arguing that (1) their opinions are contradicted by their own medical records, and/or (2) these sworn statements are not "medical records" and can thus be ignored. (See Prudential Response Brief at Page 9, ¶ 3, Page 11, ¶ 3, Page 12, ¶ 2.) In fact, both of these contentions are false. Moreover, neither of these arguments was raised in Prudential's denial letters during the administrative appeal below.

### *There is Ample Objective Evidence in the Record to Support the Diagnosis of Mr. Friedman's Treating Physicians*

The propensity of Prudential to cherry pick evidence out of the Administrative Record is most apparent when it addresses the underlying medical charts of Mr. Friedman's treating physicians. Prudential broadly asserts a lack of "objective evidence" in the medical charts to document Mr. Friedman's claim - - surgically omitting the significance of the abnormal Tilt

---

[1] Defendant's feeble attempt to prop-up the credentials of defense experts Zobl and Zwicke, rings hollow. Neither doctor has the credentials and professional standing of Plaintiff's world renowned treating physicians (AR P00634 - P00648). Nor do either Zwicke or Zobl have *any* expertise in neurology or dysautonomia. Coupled with the fact that neither Zwicke nor Zobl ever even met Mr. Friedman, their opinions seem conclusory at best, and dishonest at worst.

3

Table Test, the evidence of dangerously erratic heart rhythms, his daily ingestion of 350 mg of Toprol-XL to survive, and the substantial sworn evidence provided by third parties about Mr. Friedman's symptoms and their impact on his ability to function in his high powered position at Newmark Knight Frank (AR P0003, P0015, P0023, P0075–P0077, P0081-P0082, P0088, P0093, P0104–P0105, P0137, P0141, P0161, P00276-P0277, P0427, P0431–P0432, P0438–P0440, P0444–P0446, P0451–P0458, P0476–P0485, P0510–P0512, P0520–P0523, P0560–P0561, P0587–P0633).

Even more objectionable, however, is Prudential's contention that the opinions of Mr. Friedman's treating physicians are *contradicted* by the underlying medical charts. As a review of those charts reflect, nowhere is there any indication that Mr. Friedman is anything but disabled (AR P0003, P0015, P0023, P0075–P0077, P0081-P0082, P0088, P0093, P0104–P0105, P0137, P0141, P0161, P00276-P0277, P0427, P0431–P0432, P0438–P0440, P0444–P0446, P0451–P0458, P0476–P0485, P0510–P0512, P0520–P0523, P0560–P0561). Significantly in making this allegation repeatedly at pages 12, 13, 14 and 18 of its opposition brief, **Prudential fails to cite to any part of the Administrative Record to support its argument.** The reasons are obvious. There is no support in the Administrative Record for this bold and baseless contention.

Prudential's argument is premised on its refusal to consider the opinions of Mr. Friedman's treating physicians, by characterizing those sworn statements as "not medical records." As a fiduciary however, Prudential was required under ERISA to consider *all* evidence submitted by Mr. Friedman. 29 CFR §2560.503-1(h)2(ii)-(iii). It now concedes it did not do so. Instead, Prudential seeks to justify its misconduct by concocting an alleged evidentiary contradiction which does not exist. Prudential's dishonest approach should be rejected by this Court as mere gamesmanship in violation of its fiduciary obligations to Mr. Friedman.

4

Nor do the cases cited by Prudential mandate otherwise. For example, Prudential cites *Atkins v. Park Place Entertainment Corporation*, 2008 WL 820040 (E.D.N.Y. 2008) and *Greenberg v. Unum Life Insurance Company of America*, 2006 U.S. District Lexis 22423 (E.D.N.Y. 2006) for the very unremarkable notion that where treating physician's opinions are contradicted by their own records, the administrator may choose to discredit those opinions. Nowhere, however, do these cases, or any other, suggest that the opinions of treating physicians need not be considered. Nor is there any authority to support the "hide and seek" approach by which Prudential chose to conceal these materials from its own expert.

Moreover, Prudential's complete dismissal of the so called "subjective" complaints of Mr. Friedman was also arbitrary and capricious. See *Connors v. Connecticut General Life Insurance Company*, 272 F. 3d 127, 136 (2d Cir 2001). First, given Prudential's analysis on this issue, one must wonder where *any* treating physician could be expected to obtain clinical evidence about a patient's condition other than through the subjective complaints of the patient. Under Prudential's analysis, any evidence that is not generated through some diagnostic test is apparently of no probative value, notwithstanding the fact that in this case, that evidence was supported by the third party sworn statements of numerous witnesses which were also flagrantly disregarded by Prudential.

The fundamental flaw in Prudential's position is the very premise of its argument: to wit, that the opinions of Mr. Friedman's treating physicians are contradicted by the underlying medical records. Once this falsity is exposed for what it is, Prudential's entire position collapses.

5

## POINT II

### PRUDENTIAL, THROUGH ITS SILENCE, HAS ADMITTED THE MULTIPLE PROCEDURAL VIOLATIONS WHICH DEPRIVED MR. FRIEDMAN OF A FULL AND FAIR REVIEW OF HIS CLAIM

Although Prudential attempts to sidestep the substantial procedural deficiencies in its claim processing by falsely suggesting that those issues had been dealt with in Point I of its brief (see footnote 6 at page 18 of Prudential's Brief in Opposition), in fact none of those issues are addressed by Prudential.

Set forth below is a charted summary of the issues raised by Mr. Friedman which were never rebutted by Prudential in its opposition papers.

| *Plaintiff's Issues:* | *Defendant's Opposition:* |
| --- | --- |
| Dysautonomia diagnosis | Uncontested |
| Toprol/fatigue/exhaustion | Ignored |
| Physical deterioration | Ignored |
| Gray outs/Syncope | Ignored |
| Uncontrolled diarrhea | Ignored |
| Uncontrollable/unpredictable symptoms | Ignored |
| Failure to show appeal materials to Zobl | Admitted |
| Failure to consider treating physician's opinion | Admitted |
| Failure to communicate with treating physician | Admitted |
| No Independent Medical Examination | Admitted |
| Zwicke/Zobl not experts in Dysautonomia | Admitted |
| No secondary gain motive | Ignored |
| Cherry picking | Ignored |
| Definition of disability not provided to experts | Admitted |
| Job Description not provided to experts | Ignored |
| Fiduciary responsibilities | Ignored |
| No explanation how EF can still do his job | Ignored |
| Failure to reconcile conflicting opinions | Ignored |
| Failure to consider subjective complaints | Ignored |
| Failure to do co-morbidity analysis | Ignored |

Procedurally, Prudential has made no effort to justify its conduct, perhaps strategically hoping to induce this Court to remand the matter so that Prudential can delay further, hold its money longer, and have another shot at denying Mr. Friedman his benefits. Given Prudential's

6

fiduciary status, such cynical manipulation of the ERISA system raises serious public policy concerns, and perhaps even warrants regulatory review.

A review of the Administrative Record reflects there is ample unrebutted medical evidence which establishes beyond doubt that Mr. Friedman is disabled within the meaning of the policy (AR P0587–P0633). Notwithstanding Prudential's refusal to acknowledge that evidence, or to explain why it doesn't mandate an award of benefits, the evidence stands unrebutted. Prudential's after-the-fact attempt to create justifications for discrediting that information, based on factually deficient arguments, cannot change the result in this case: Mr. Friedman is disabled within the meaning of the policy, the evidence in the Record demonstrates as much, and he is entitled to be placed on claim retroactive to his date of disability.

## POINT III

### PRUDENTIAL'S RESPONSES TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF UNCONTESTED FACTS SHOULD BE IGNORED

Local Rule 56.1 is designed to assist the Court in narrowing the fact questions presented in the context of a summary judgment motion. *U.S. Information Systems, Inc. v. International Brotherhood of Electrical Workers*, 2006 WL 2136249 (SDNY); *Goldstick v. The Hartford, Inc.*, 2002 WL 1900629 (SDNY). Parties are required to examine the Record in good faith, and bring to the Court's attention those matters which are uncontested in the record below. Rule 56.1 is not intended to be a vehicle for arguing legal issues or for obfuscation.

Notwithstanding, Prudential attempts to misuse Local Rule 56.1 and convert its response to Plaintiff's Uncontested Facts into a "pleading" to argue other legal issues unrelated to and irrelevant to the uncontested nature of the facts as set forth by Plaintiff. Moreover, Prudential baldly denies facts in bad faith which are clearly unrebutted in the record, without citing to any contrary evidence in the Administrative Record to support its denial. This is a clear violation of Local Rule 56.1. *Humphrey v. New York Life Insurance Company*, 2006 WL 3837718 (EDNY); *Rowe Entertainment, Inc. v. William Morris Agency, Inc.*, 2005 WL 22833 (SDNY).

Particularly in ERISA cases, where live trials are rarely conducted, Local Rule 56.1 Statements of Uncontested Facts are an important vehicle for this Court to narrow the scope of the issues presented and assist in a proper adjudication of a dispute.

Prudential's conduct serves to undermine this important function, and should be rejected by the Court.[2]

Prudential's conduct in this regard is consistent with the way it has handled this claim from the outset: delay and obfuscate. All the more reason that its obvious attempt to orchestrate a remand should be rejected as simply its latest effort to avoid meeting its financial and fiduciary responsibilities to Mr. Friedman.

---

[2] Attached hereto as Schedule A is a compilation of Plaintiff's Uncontested Facts which Prudential denied without a good faith basis in the record. As such, Prudential's responses should be disregarded by the Court, and the specific uncontested facts should be deemed admitted. To the extent that inclusion of this schedule will exceed the 10-page limit applicable to Reply Briefs, Plaintiff respectfully seeks leave of this Court for permission to do so.

## **CONCLUSION**

It seems clear that Prudential never intended to honestly and fairly evaluate the evidence supporting Mr. Friedman's disability claim. The goal was not to evaluate the claim, but to orchestrate its denial. Prudential's sheepish attempt to now secure a remand should be rejected for what it is: a further attempt to delay and prejudice the beleaguered Mr. Friedman.

Wherefore, for all the reasons set forth herein and in the prior submissions of Plaintiff, Mr. Friedman respectfully requests that this Court grant his Motion for Summary Judgment, place him on claim immediately under the terms of the Newmark Disability Plan, retroactive to his date of disability, and deny Defendant's Cross Motion in its entirety.

                                                        Respectfully submitted,

                                                        USCHER, QUIAT, USCHER & RUSSO
                                                        A Professional Corporation
                                                        433 Hackensack Avenue
                                                        Hackensack, NJ 07601
                                                        201-342-7100

Dated: May 16, 2008          By:    /s/ Michael E. Quiat
                                                   MICHAEL E. QUIAT (MEQ-8238)
                                                   **Attorneys for Plaintiff,**
                                                   **Edward A. Friedman**

G:\Disability\Friedman\SJ Reply\Memo of Law.doc